E-FILED
Tuesday, 03 November, 2026 02:04:19 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

RLI INSURANCE COMPANY,

*Plaintiff*,

v.

MARJANI BUILDERS, INC., AND ALEXANDER A. MARJANI

*Defendants*.

Case No. 1:26-cv-01030-JEH-RLH

**ORDER & OPINION**

This case concerns RLI Insurance Company's effort to enforce an indemnity agreement following its payment of a construction bond claim. Defendants ask the Court to stay these proceedings while a California court considers a summary judgment motion arising from the underlying construction project. They argue that the anticipated ruling will clarify the issues and avoid duplicative discovery. RLI responds that its contractual rights under the indemnity agreement do not depend on the outcome of the California litigation.

Although the proceedings share a common factual background, the pending California summary judgment motion concerns whether Marjani Builders complied with statutory claim presentation requirements before suing the City of Rancho Cucamonga. It does not ask the California court to determine whether the City properly terminated Marjani Builders or whether RLI properly paid the resulting bond claim. The California court has already stayed Marjani Builders' claims against RLI pending confirmation of jurisdiction in Illinois. Because Defendants have not

shown that the anticipated ruling would justify suspending this action, their Motion to Stay (Doc. 21) is DENIED.

## BACKGROUND

Marjani Builders, Inc. contracted with the City of Rancho Cucamonga (the "City") to perform work on a public construction project. RLI issued performance and payment bonds for the project, and Marjani Builders and Alexander A. Marjani executed a General Indemnity Agreement (the "GIA") in RLI's favor. (Doc. 11 ¶¶ 6, 11). Under the GIA, the indemnitors agreed to indemnify RLI for losses arising from the bonds, provide collateral security upon demand, and permit RLI authority to resolve bond claims. (Doc. 11-1 ¶¶ 3–4, 11).

After the City terminated Marjani Builders, a dispute arose over the termination and the resulting performance bond claim. Marjani Builders sued the City and RLI in California state court, asserting a claim for breach of the construction contract against the City, a claim for breach of the performance bond against both the City and RLI, and a claim for breach of the implied covenant of good faith and fair dealing against RLI. (Doc. 21-2 at 3–6). The claims against RLI concern its investigation and payment of the City's performance bond claim. The City separately filed a cross-complaint alleging breach of the construction contract and seeking declaratory relief. (Doc. 21-3 at 4-5).

RLI brought this action against both indemnitors, alleging they breached the GIA by failing to satisfy their indemnification and collateral security obligations. (Doc. 11 ¶¶ 22–29). RLI seeks reimbursement for alleged losses and expenses and asserts that it is entitled to specific performance of its collateral security rights. (Doc.

11 ¶¶ 27–31). The GIA provides that Illinois law governs the agreement and contains a forum selection provision permitting RLI to bring a suit in a state where it is domiciled. (Doc. 11-1 at 5, ¶¶ 26-27).

On May 6, 2026, this Court adopted the parties' agreed discovery plan, setting November 3, 2026, as the close of fact discovery and January 5, 2027, as the deadline for completing all discovery. (Doc. 15 at 1–2; Doc. 16). According to Defendants' counsel, the parties served their initial disclosures in June, but neither side had served written discovery or noticed a deposition as of September 18, 2026. (Doc. 21-1 ¶¶ 12–14).

Defendants moved to stay this action on September 18, 2026. Their motion invokes *Colorado River* abstention, the Court's inherent case-management authority, and Rules 16 and 26. They alternatively request a stay of discovery and related deadlines or, if discovery proceeds, an order permitting only limited discovery concerning execution and enforcement of the GIA. (Doc. 21 at 1, 6).

The procedural posture changed after the motion was filed. On October 1, 2026, the California court enforced the GIA's mandatory forum-selection provision and stayed Marjani Builders' claims against RLI pending confirmation of jurisdiction by an Illinois court. The California court set a status hearing for December 8, 2026. The order expressly left the proceedings involving the City, including its cross-complaint, unstayed. (Doc. 22-1 at 9–10).

The City's summary judgment motion is scheduled for hearing on December 8, 2026. That motion contends that Marjani Builders failed to comply with the

Government Claims Act before bringing its affirmative claims against the City. (Doc. 21-6 at 3). Neither that motion nor RLI's California motion seeks disposition of the City's cross-complaint. (Doc. 21-1 ¶ 11). The Defendants' original motion requests a stay through the disposition of the City's summary judgment motion. (Doc. 21 at 1). Their reply offers a narrower alternative. Specifically, Defendants request a stay through December 8, followed by a joint status report within fourteen days after the California hearings and reassessment by this Court. (Doc. 26 at 7).

## LEGAL STANDARD

Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). The existence of a related state court proceeding ordinarily does not relieve a federal court of that obligation. *Id.* Nevertheless, *Colorado River* recognizes a narrow exception grounded in considerations of judicial administration, including the conservation of judicial resources and the comprehensive resolution of litigation. *Id.* at 813–17. In exceptional circumstances, those considerations may justify deferring to concurrent state court proceedings. *Id.* at 817–19. The desirability of avoiding piecemeal litigation is one relevant consideration, but the mere existence of related state litigation does not justify abstention. *Id.* at 818.

The Seventh Circuit applies a two-step inquiry to determine whether *Colorado River* abstention is appropriate. *DePuy Synthes Sales, Inc. v. OrthoLA, Inc.*, 953 F.3d 469, 477 (7th Cir. 2020). First, the Court determines whether the state and federal proceedings are substantially parallel. *Id.* The proceedings need not involve identical parties or claims, but substantially the same parties must be litigating substantially

the same issues, with a substantial likelihood that the state litigation will dispose of all claims presented in federal court. *Id.* at 477–78. If the proceedings are substantially parallel, the Court then considers whether exceptional circumstances justify abstention. *Id.* at 477. This determination requires a practical assessment of the circumstances rather than a mechanical application of factors, with the balance heavily weighted in favor of exercising federal jurisdiction. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 16 (1983).

The Court also possesses inherent authority to manage its docket, including by staying proceedings when doing so would promote efficiency. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). That authority does not require identical parties or issues, but the Court must weigh competing interests and keep any stay within reasonable limits. *Id.* at 254–56. If there is a fair possibility that a stay will harm the nonmoving party, the party seeking the stay must demonstrate hardship or inequity from proceeding. *Id.* at 255. Relevant considerations may include prejudice to the nonmoving party, whether the other proceeding is likely to simplify the issues, and whether a stay would reduce the burdens of litigation. *Johnson v. Navient Solutions, Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015).

The Seventh Circuit has observed, without deciding, that some stays pending related state court proceedings may be understood as ordinary case management measures rather than abstention. *GeLab Cosmetics LLC v. Zhuhai Aobo Cosmetics Co.*, 99 F.4th 424, 428 n.1 (7th Cir. 2024). Because Defendants invoke both *Colorado*

*River* abstention and the Court's inherent case management authority, the Court considers their request under both frameworks.

Finally, Rule 16(b)(4) permits modification of a scheduling order only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). Rule 26(c)(1) permits the Court, for good cause, to limit or restrict discovery to protect a party from undue burden or expense. Fed. R. Civ. P. 26(c)(1).

## DISCUSSION

### I. Colorado River

Defendants have not established that the state and federal proceedings are substantially parallel. Both actions arise from the same construction project, the City's termination of Marjani Builders, and the resulting performance bond claim. However, RLI asserts claims under the GIA for indemnification and collateral security against both Marjani Builders and Alexander Marjani, who is not a party to the California action. (Doc. 11 ¶¶ 22–29; Doc. 21-2 at 2). Defendants acknowledge that the California litigation may not resolve Alexander Marjani's individual obligations, RLI's collateral demand, or every issue arising under the GIA. (Doc. 21 at 9). Defendants nevertheless argue that the proceedings substantially overlap on questions concerning project performance, termination, default, and the bond claim. *Id.*

Differences in parties or causes of action do not necessarily defeat substantial parallelism. *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 499 (7th Cir. 2011). Further, a shared factual background does not necessarily establish parallelism. *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646–49 (7th Cir. 2011). The question is whether

there is a substantial likelihood that the state litigation will dispose of the claims presented in federal court. *Adkins*, 644 F.3d at 499. Here, Defendants have not shown that the California proceedings are substantially likely to resolve RLI's claims under the GIA.

The GIA's provisions illustrate the distinction. The agreement provides for indemnification payment upon asserted liability and collateral upon circumstances that do not require a prior determination of liability on the underlying construction contract. (Doc. 11-1 ¶¶ 3–4). The GIA also gives RLI discretion to settle bond claims. (*Id.* at ¶ 11). On their face, these provisions do not require a prior adjudication of liability under the underlying construction contract. Whether RLI is entitled to enforce those provisions, and the effect of any properly presented defenses, remain questions for adjudication. Although the California proceedings may resolve factual issues relevant to the bond dispute, Defendants have not shown that they are substantially likely to dispose of RLI's contractual claims.

The California court's October 1 order does not establish that the proceedings are substantially parallel. RLI characterizes the order as staying the claims against it through the conclusion of this action. (Doc. 22 at 2–3). The order instead stays Marjani Builders' claims against RLI pending confirmation of jurisdiction in Illinois, sets a December 8 status hearing, and expressly permits the proceedings involving the City to continue. (Doc. 22-1 at 10.) It does not establish that the California litigation will resolve RLI's claims under the GIA.

*DePuy* and *Freed v. J.P. Morgan Chase Bank, N.A.*, both cited by Defendants, do not require a different result. In *DePuy*, the state and federal proceedings presented the same central arbitrability question. 953 F.3d at 477–79. In *Freed*, resolution of issues in the state proceedings was necessary to adjudicate the federal claims. 756 F.3d 1013, 1018–21 (7th Cir. 2014). Here, although the California litigation concerns the underlying construction project and bond claim, Defendants have not shown a substantial likelihood that it will dispose of RLI's separate claims for indemnification and collateral security under the GIA.

Because the proceedings are not substantially parallel, the Court does not need to determine whether exceptional circumstances justify abstention. *DePuy*, 953 F.3d at 477–78; *Freed*, 756 F.3d at 1018. Nevertheless, the Court observes that Defendants have failed to establish exceptional circumstances. *Colorado River* therefore does not warrant a stay.

## II. A Temporary Case Management Stay

The failure to establish grounds for *Colorado River* abstention does not resolve Defendants' alternative request for a temporary stay under the Court's inherent authority. *Landis* permits a court to stay proceedings even when the parties and issues in another action are not identical. 299 U.S. at 254. Although the anticipated ruling does not need to dispose of every claim, the Court must weigh the competing interests and keep any stay within reasonable limits. *Id.* at 254–56. If there is a fair possibility that a stay will harm the opposing party, the movant must make a clear showing of hardship or inequity from proceeding. *Id.* at 255.

Defendants emphasize the limited duration of their requested stay. Their original motion seeks a stay through disposition of the City's summary judgment motion, while their reply alternatively proposes a stay through December 8, followed by a status report and reassessment. (Doc. 21 at 1; Doc. 26 at 7). Either proposal is narrower than awaiting final judgment in California. However, December 8 is the scheduled hearing date, not necessarily the date of a ruling. The proposed duration is therefore only one consideration. The Court must also assess whether the anticipated proceedings are likely to simplify this action.

Defendants cite *Karol v. Old Second National Bank* in support of a temporary stay. There, the court granted a stay both under *Colorado River* and under its inherent authority while a fully briefed state foreclosure appeal addressed the mortgage agreements, payment history, and modification agreements underlying the federal claims. 2020 WL 6343088, at *5-6 (N.D. Ill. Oct. 29, 2020). In that case, the anticipated state appeal could resolve core factual and legal questions and potentially dispose of the federal claims. Here, by contrast, the City's summary judgment motion concerns whether Marjani Builders complied with California's statutory claim presentation requirements. It does not seek a determination of the underlying project dispute or the parties' obligations under the GIA. Defendants have not shown that the anticipated ruling will similarly resolve or materially narrow the issues before this Court.

The City's pending summary judgment motion may determine whether Marjani Builders' affirmative claims against the City remain pending. However, the

motion rests on alleged noncompliance with California's statutory claim presentation requirements. It does not seek a determination that the City properly terminated Marjani Builders or that the underlying performance bond claim was valid. (Doc. 21-6 at 3). If the City prevails, its cross-complaint will remain unaffected by that ruling. If the motion is denied, Marjani Builders' claims against the City will remain pending. In either event, Defendants have not shown how the December ruling would materially narrow the issues presented by RLI's claims arising under the GIA.

The Court recognizes that the different contracts do not necessarily eliminate factual overlap. RLI disputes that the proceedings involve meaningful overlapping discovery but acknowledges that, if some overlap exists, the parties could consider stipulations permitting the use of discovery across proceedings. (Doc. 22 at 7–8). Defendants also identify project records and potential witness testimony that could be relevant to both actions. (Doc. 21 at 11–12; Doc. 26 at 4). However, the question is whether awaiting the City's rulings is likely to reduce duplicative discovery or otherwise simplify this action. Because the motion concerns statutory claim presentation rather than the underlying project dispute, Defendants have not established that connection.

Moreover, discovery concerning the GIA's execution, RLI's demands, its alleged losses, and the requested collateral can proceed regardless of the California state court ruling on the City's motion for summary judgment. Paragraph 4 of the GIA provides for collateral security against potential as well as actual losses. (Doc. 11-1 ¶ 4). Whether RLI is ultimately entitled to enforce that provision remains for

adjudication. However, Defendants have not shown why discovery relevant to those contractual obligations should await disposition of a procedural motion concerning Marjani Builders' claims against the City.

The Court has also considered the parties' competing interests. RLI argues that a stay would delay its pursuit of contractual relief and disrupt the discovery schedule adopted by this Court. (Doc. 22 at 8–9). The GIA also provides that failure to furnish collateral security causes irreparable harm to RLI. (Doc. 11-1 ¶ 4). The Court expresses no view on RLI's ultimate entitlement to collateral or the legal effect of that provision. Although the alternative stay proposed by Defendants is relatively brief, its limited duration does not establish that the anticipated California proceedings will meaningfully simplify this action. Weighing the asserted burdens of proceeding, the potential prejudice from delay, and the uncertain efficiencies of a stay, the Court declines to exercise its inherent authority to stay this action.

**III. Discovery and Scheduling**

Defendants alternatively request to stay discovery and suspend the related deadlines, or to restrict discovery to specified GIA matters. (Doc. 21 at 16). Rule 26(c)(1) permits protective relief for good cause, including protection against undue burden or expense. Fed. R. Civ. P. 26(c)(1). A scheduling order may be modified only for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4).

Defendants have not established good cause for the requested restrictions. Counsel identifies potential witnesses and documents that may be relevant in both cases, including evidence concerning the project's performance, termination, and

resulting bond claim. (Doc. 21-1 ¶ 15). That identification establishes a possibility of overlapping discovery, but it does not demonstrate that awaiting the City's ruling on statutory claim presentation would materially reduce the discovery necessary in this action. Further, Defendants have not identified particular discovery requests whose burden warrants postponing all project-related discovery while permitting discovery on other GIA matters. The proposed categorical limitation is therefore not justified on the present record.

RLI argues that Defendants' failure to pursue discovery reflects an intent to delay these proceedings. (Doc. 22 at 8–9). The Court declines to draw that inference. Counsel's declaration establishes that, as of September 18, neither party had served written discovery or noticed a deposition. (Doc. 21-1 ¶ 12). That circumstance does not establish an improper motive, but neither does it demonstrate good cause for suspending discovery. RLI also cites *Saylor v. Krupp*, which denied a stay pending a motion to dismiss where the movants failed to identify a case specific justification for postponing discovery. 2025 WL 3493162, at *2 (S.D. Ind. Dec. 4, 2025). Although this case involves separate state litigation, the need for a particularized justification remains. The Court makes no finding that Defendants sought the stay for an improper purpose.

The parties may address specific duplication through cooperation, agreed use of discovery across proceedings where permissible, or a properly supported request for protective relief. Rule 26(d)(3) also permits the Court to order appropriate sequencing of discovery. Fed. R. Civ. P. 26(d)(3). On the present record, however,

Defendants have not shown good cause to stay discovery, impose the proposed categorical limitations, or suspend the existing deadlines. The Court therefore denies those alternative requests. This ruling does not preclude a later, particularized request for protective relief or a scheduling modification supported by good cause under Rule 16(b)(4).

## CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Stay (Doc. 21) is DENIED in its entirety, including the alternative requests to stay discovery, suspend the related case management deadlines, or limit discovery to specified GIA matters. The existing scheduling order remains in effect unless modified by further order of the Court.

This ruling does not preclude a subsequent, properly supported request for protective relief concerning particular discovery or for modification of the scheduling order upon a showing of good cause.

*So ordered.*

Entered this 3rd day of November 2026.

s/Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge